IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

ANTONIO DEMARION COLEY                                                      PLAINTIFF
ADC #92842

V.                                    NO: 2:12CV00160 KGB/HDY

MARYBETH FLOYD *et al.*                                                    DEFENDANTS

## ORDER

Plaintiff filed a *pro se* complaint on August 7, 2012, alleging that he was denied adequate

medical treatment for Fournier's syndrome in August and September of 2010.  On August 30, 2012,

United States Magistrate Judge H. David Young granted two motions to amend which had been filed

by Plaintiff (Dkt. No. 13).   Judge Young denied plaintiff's third motion to amend, finding that

plaintiff's proposed claims against the corporate entity providing medical services to inmates were

based on an impermissible *respondeat superior* theory (Dkt. No. 17).  Plaintiff has now appealed that

decision to the undersigned (Dkt. No. 20).

Federal law provides:

Notwithstanding any provision of law to the contrary–

(A) a judge may designate a magistrate judge to hear and determine any pretrial
matter pending before the court, except a motion for injunctive relief, for judgment
on the pleadings, for summary judgment, to dismiss or quash an indictment or
information made by the defendant, to suppress evidence in a criminal case, to
dismiss or to permit maintenance of a class action, to dismiss for failure to state a
claim upon which relief can be granted, and to involuntarily dismiss an action. A
judge of the court may reconsider any pretrial matter under this subparagraph (A)
where it has been shown that the magistrate judge's order is clearly erroneous or
contrary to law.

28 U.S.C.  § 636(b)(1)(A).  *See also* Local Rule 72.1.VII.B.  Nothing in Judge Young's order is

clearly erroneous or contrary to law. Plaintiff's original complaint makes clear that he was seen for his condition in the prison infirmary the day after he submitted a request. A little more than a week later, plaintiff's condition was treated at a hospital. There is no allegation that a corporate policy prevented care, but rather that plaintiff disagrees with the care that was being provided by the individual medical professionals or actions/inactions of Arkansas Department of Correction officials. Plaintiff believes discovery requests may reveal information upon which he can base a claim against the corporation. If so, plaintiff can present his factual allegations in a later motion to amend. Accordingly, plaintiff's appeal (Dkt. No. 20) is DENIED.

SO ORDERED this **24** day of September, 2012.

Kristine G. Baker
Kristine G. Baker
United States District Judge