IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

ANTONIO DEMARION COLEY                                                                              PLAINTIFF
ADC #92842

V.                                       NO: 2:12CV00160 KGB/HDY

MARYBETH FLOYD *et al*.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District
     Judge (if such a hearing is granted) was not offered at the
     hearing before the Magistrate Judge.

1

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed a *pro se* complaint on August 7, 2012, alleging that he was denied adequate medical care. On September 2, 2014, Defendant Marybeth Floyd filed a motion for summary judgment, a brief in support, a statement of facts, and an addendum (docket entries #110-#113). Plaintiff filed a response on October 1, 2014 (docket entry #125).

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*,

477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, he had been lifting trays on August 25, 2010, and the next day noticed a swelling in his scrotal area. Plaintiff was scheduled for a visit to the infirmary, where he saw Floyd on August 31, 2010. At that time, Floyd assessed Plaintiff as having a reducible hernia, and prescribed a steroid injection, ibuprofen for swelling, and scrotal support. Floyd advised Plaintiff to return to the clinic if his symptoms worsened. Floyd did not see Plaintiff again until September 7, 2010. When Floyd saw Plaintiff the second time, she called for Joseph Hughes, M.D. Hughes examined Plaintiff and diagnosed early Fournier's Syndrome, started Plaintiff on intravenous antibiotics, and called for a surgeon to evaluate Plaintiff at a hospital the next day. Floyd gave Plaintiff an injection for pain, and Hughes arranged for Plaintiff's overnight care until he could be transported for surgery the next day. The surgery was successful, and according to the outside surgeon, Plaintiff was healing "very very well" (docket entry #112-3).

Plaintiff asserts that Floyd's care was inadequate because she did not refer him to a physician at his first visit on August 31, 2010, or put him on a list to see a physician soon thereafter (docket entry #112-4, page #3). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence,

more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Although Plaintiff faults Floyd for not ensuring he saw a physician at their first encounter, Floyd's assessment provided no reason for her to do so. Floyd's medical note from that day indicates that Plaintiff presented with complaints of a hernia, and told her that other inmates and his mother told him that he needed surgery (docket entry #113-1, page #4). At that time, Plaintiff's temperature was normal, which indicates there was no infection, and the scrotal mass was firm, which did not indicate an abscess. According to Hughes's affidavit, Floyd's treatment was appropriate.[1] Hughes concluded that Plaintiff's conditions at the first encounter with Floyd did not have the appearance of Fournier's Syndrome, but that the condition developed later the week after Floyd saw Plaintiff, and that Plaintiff's quick and early treatment allowed for a successful procedure and for Plaintiff to return to the prison hospital the evening of the procedure (docket entry #113-1). In fact, Plaintiff himself conceded that there was a significant change in his condition from this first visit with Floyd to the second (docket entry #112-4, page #6). It is also clear from the medical records that Floyd did not ignore Plaintiff's condition, but rather provided treatment for the hernia she diagnosed. Even if Floyd's assessment was erroneous, Plaintiff might at most establish

---

[1]Although Plaintiff identified Hughes as a witness (docket entry #71), he has appealed to Judge Baker the undersigned's order denying his motion to strike Hughes's declaration (docket entry #122). That appeal should be rejected.

negligence, which, as discussed above, is not actionable.

Floyd has provided medical records indicating that Plaintiff was provided care, and has also offered the declaration of Hughes, who concluded Floyd's care was appropriate.  In contrast, Plaintiff has provided no medical opinion to support his claims that he was denied adequate medical care.  Accordingly, no material facts are in dispute, and Floyd is entitled to summary judgment.  *See Dulany v. Carnahan*, 132 F.3d at 1240 (In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Marybeth Floyd's motion for summary judgment (docket entry #110) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his claims against Defendants Crystal Sims, Christopher Loe, Chiquita Davis, and Walter Holloway; and DISMISSED WITH PREJUDICE in all other respects.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __6__ day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE